# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GARY LEE BENNETT,**

    Plaintiff,

-vs-                                       Case No. 15-CV-1097

**MICHAEL MEISNER, TERRY SAWALL,
MICHELLE SMITH, MICHAEL REIGH,
ASHLEY FREITAG, and DAISY CHASE,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). This matter is before the Court to screen the amended complaint. *See* 28 U.S.C. § 1915A.

The amended complaint seeks to make several minor changes to the original complaint. First, the plaintiff adds as defendants former Wisconsin Department of Corrections (DOC) Secretary Ed Wall and current DOC Secretary Jon Litscher. The plaintiff alleges that Wall never responded to his inquiry as to how to remedy his alleged retaliatory inmate grievances. He also claims that Wall and Litscher have exacerbated the problem by implementing new grievance forms that require inmates to utilize the "chain-of-command" before commencing the formal inmate grievance procedure. According to the plaintiff, because the "chain-of-command" is

technically outside of the Inmate Complaint Review System, he may be disciplined for alleged false statements against staff members when working through the chain, for example when he alleges that staff members have retaliated against him.

The amended complaint also adds additional requests for relief, and clarifies that the plaintiff sues all defendants in their official and individual capacities.

As an initial matter, the Court notes that the caption of the amended complaint does not include defendant Michael Reigh. This is an oversight because the amended complaint contains the same allegations against Reigh, and because on April 11, 2016, the plaintiff filed a motion to clarify in which he states that the omission of Reigh from the caption was a clerical error. The Court will grant the plaintiff's motion to clarify and recognizes that Reigh is a defendant in this action. Dkt. No. 30-1.

Next, the plaintiff does not allege that defendant Litscher had any personal involvement in his retaliation claim. The plaintiff appears to allege that defendant Wall knew of the situation and did nothing, because he says that he sent Wall a letter in May or June 2015, but never received a response. However, with respect to Litscher, the plaintiff may not proceed on an individual capacity claim against him because there is no

- 2 -

Case 2:15-cv-01097-JPS   Filed 05/05/16   Page 2 of 5   Document 33

apparent personal involvement.

As indicated, the plaintiff seeks to proceed on an official capacity claim against all defendants. An official capacity claim against a state official is a suit against the official's office and, as such, is no different than a suit against the state itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The state is immune from damages liability under § 1983, i*d.* at 66, but the plaintiff also seeks injunctive relief. Official capacity claims seeking injunctive relief are permissible under § 1983. *Id.* at 71 n.10. Such claims require that the entity's policy or custom played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To the extent that the plaintiff alleges DOC policy played a part in his retaliation claim, he may proceed against Litscher in his official capacity.

Official capacity claims against the remaining defendants would be redundant and, therefore, the plaintiff may proceed only against Litscher in his official capacity. He may proceed against the remaining defendants in their individual capacities.

Motion to Appoint Counsel

The plaintiff has filed a motion to appoint counsel. He asserts that his imprisonment will hinder his ability to litigate this complex case.

In a civil case, the court has discretion to decide whether to recruit a

lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has established that he attempted to find an attorney his own. However, his filings reveal that he is competent to engage in discovery and pretrial motion practice. The quality of the plaintiff's filings is quite high and they reveal that he has a firm grasp of his claim. Therefore, the Court will deny without prejudice the plaintiff's motion for counsel.

## **ORDER**

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS**

- 4 -

**HEREBY ORDERED THAT** the proposed amended complaint (Docket No. 26) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to clarify amended complaint (Docket No. 30) is **GRANTED**. Defendant Reigh is a defendant in this action, Dkt. No. 30-1.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the new state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 27) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

        **BY THE COURT:**

        *Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**