# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY LEE BENNETT,

      Plaintiff,

-vs-                          Case No. 15-CV-1097

MICHAEL MEISNER, TERRY SAWALL,
MICHELLE SMITH, MICHAEL REIGH,
ASHLEY FREITAG, DAISY CHASE,
EDWARD WALL, and JON LITSCHER,

      Defendants.

## DECISION AND ORDER

The plaintiff has filed a second motion to compel discovery. (ECF No. 34.) He seeks an order compelling the defendants to respond to his Request for Production of Documents, filed April 4, 2016. The plaintiff also moves for an order directing the defendants to pay him $25.00 as reasonable expenses in obtaining the order.

In response, the defendants contend that the Court should deny the plaintiff's motion because he failed to confer or attempt to confer with the defendants about the discovery disputes before filing the motion.[1] The defendants also contend that the plaintiff's arguments in his second motion

---

[1] On May 13, 2016, the Court denied the plaintiff's first motion to compel because he did not certify that conferred or attempted to confer with the defendants prior to filing his motion. (ECF No. 36.)

to compel are without merit.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Here, as with his first motion to compel, the plaintiff has not certified that he conferred or attempted to confer with the defendants prior to filing his motion. Thus, the motion is premature. Even if the plaintiff had conferred with the defendants, the Court would deny his motion to compel on the merits.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case[.]" Fed. R. Civ. P. 26(b)(1). When determining whether discovery is appropriate, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

As an initial matter, the plaintiff's discovery requests 1 through 19 are available to him by contacting the Records Office at the Stanley Correctional Institution and the Inmate Complaint Examiner at Stanley. (ECF No. 47 at 2-3 n.1.) To the extent that the plaintiff seeks only the originals of the requested documents because copies may be altered, the plaintiff's contention that the defendants may alter or manipulate copies of discovery documents is not supported.

With regard to request 23, the defendants responded to that request by advising the plaintiff that documentation regarding minor conduct reports could be found in his legal file. (ECF No. 32-1 at 9.) In addition, as for the plaintiff's request for a list of warnings he received, the defendants enclosed a list of warnings he had received from his Housing Unit. The defendants therefore have fully responded to this request. (ECF No. 47 at 3-4 n.2.)

Turning to request 21, the plaintiff sought, "[a]ll correspondence (including, but not limited to, email and any other intra-institutional communication systems) between DOC employees from 3/26/15 to present with any mention of the Plaintiff." (ECF No. 32-1 at 7.) The defendants objected to the request as overly broad. In their response to this discovery request, that defendants also stated: "The defendants are willing to accommodate the plaintiff's request for correspondence among DOC employees if the plaintiff revised his request to pertain to specific individuals and to correspondence relevant to his claims." (*Id.*)

The Court agrees that request 20 is overly broad. It seeks documents from Wisconsin Department of Corrections employees who are not parties to this lawsuit and it seeks correspondence not related to this case. Moreover, the defendants offered to respond to a revised request, limited to correspondence related to the plaintiff's claims.

Lastly, in request 22, the plaintiff sought a "list of all inmates submitted to Temporary Lockup awaiting a Major Report Hearing from 6 months prior to Plaintiff's Hearing (4/6/15) to 6 months after." (ECF No. 32-1 at 7.) The defendants objected to the request because "[n]o such list exists and to create one would be overly burdensome." (*Id.* at 8.) The defendants also state that such information is not relevant and is not

reasonably calculated to lead to the production of admissible evidence.

In sum, the plaintiff did not certify that he conferred or attempted to confer with the defendants prior to filing his second motion to compel discovery. In addition, the defendants fully responded to the plaintiff's first request for production of documents. Therefore, the Court will deny the plaintiff's second motion to compel discovery.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's second motion to compel discovery (ECF No. 34) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2016.

BY THE COURT:

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**